IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| VS, | § § | CASE NO. 7:20-cr-00361 |
| SERGIO SOSA,<br>*Defendant*. | § § | |

DEFENDANTS 104(b) MOTION TO EXCLUDE ANY MENTION OF UNCHARGED CONDUCT

TO THE HONORABLE JUDGE OF RICARDO H. HINOJOSA:

NOW COMES, Sergio Sosa, Defendant, by and through his Attorneys, and respectfully moves this Court for a pretrial ruling pursuant to Federal Rules of Evidence 104(b), 403 and 404(b) to Exclude any mention of extrinsic conduct not charged in the indictment and in support thereof would show the Court as follows:

I. MOTION

The Defendant respectfully requests that the Court instruct the attorney for the government in this case, and through such counsel any and all government witnesses, to refrain from mentioning, directly or indirectly, in any manner whatsoever, in the presence of the jury, any uncharged conduct including, any allegation of Money Laundering, allegations of "dirty money" or allegations of the illegality of the source of the funds (money) used in the charged offense of *Structuring*.

II. ARGUMENT

The Defendant stands charged with the Crime of Structuring under Title 31, United States Code, Section 5324(b)(3) and 5324(d). Specifically, to find the Defendant guilty the Government will have to prove beyond a reasonable doubt that:

>FIRST, that the defendant had knowledge of the currency transaction reporting requirements;
>
>SECOND, that the defendant knowingly and willfully [structured] or [assisted in structuring] or [attempted to structure] or [attempted to assist in structuring] a currency transaction;
>
>THIRD, that the purpose of the structured [or attempted] transaction was to evade the currency transaction reporting requirements of § 5313(a);
>
>FOURTH, that the defendant knew that structuring was unlawful; and
>
>FIFTH, that the structured transaction(s) involved one or more domestic financial institutions.

The Defense has reason to believe that the Government through its witness may attempt to question the origin of the money subject of the Governments indictment against Mr. Sosa. The Defense petitions the Court to exclude any allegations that the money exchanged in the transaction are the proceeds of illicit activity. This could confuse the jury be making them believe this is a case involving money laundering or "dirty" money. Allegations as to the source of the funds is anot charged conduct nor is it an element of the offense charged in the Indictment (ECF # 1) against Mr. Sosa

Rule 104, 403 and 404 in conjunction allow the Court to order the Government and its agents from unfairly prejudicing the jury by any mention or allegations of the origins of the money used in the alleged criminal conduct.

The probative value of the money's origins has no relevance to the charged conduct but is substantially outweighed by the dangers of unfair prejudice towards the Defendant.

The Fifth Circuit has repeatedly noted that these rule are "just and wise," in they it minimizes the grave danger that a jury will infer a person guilty of the charged offense from evidence of the other acts, or will seek to punish the Defendant for the other crime regardless of his innocence of the offense with which he is charged. *United States v. Beechum*, supra; *United States v. San Martin*, 505 F.2d 918, 921 (5th Cir.1974); *United States v. Goodwin*, 492 F.2d 1141, 1150 (5th Cir. 1974). This rule is necessary to prevent an accused from being convicted merely because the jury believes that he is a person of bad character. *United States v. Turquitt*, 557 F.2d 464, 468 (5th Cir. 1977).

The law recognizes that evidence that the accused had committed other crimes, wrongs, or acts of misconduct is ". . . inherently dangerous because of the likelihood that prejudice to the Defendant may result from confusing the issues by leading the jury to infer that since the Defendant has committed a similar crime, he must also have committed the crime for which he is on trial." *United States v. Turquitt*, 557 F.2d at 468.

### III. PRAYER AND REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that the Court instruct the Assistant United States Attorney herein not to mention or refer to, directly or indirectly, in the presence of the jury, any alleged extrinsic conduct, money laundering, dirty money or other acts of misconduct, until a hearing has been conducted and a ruling obtained on the admissibility thereof from the Court outside the presence and hearing of the jury.

Dated November 4, 2022

    Respectfully submitted,

    SHELDON WEISFELD PC

613 E Saint Charles St
Brownsville, TX 78520
Telephone +1.956.778.4173

By: /s/ Sheldon Weisfeld
SHELDON WEISFELD
Texas State Bar No. 21107700
Federal ID S.D.T.X No. 1090

LAW FIRM OF CESAR DE LEON PLLC

622 East St. Charles
Brownsville Texas 78520
Telephone +1.956.551.1327
Facsimile  +1.956.338.5897
Email: service@cesardeleonlaw.com

By: /s/ Cesar de Leon
CESAR DE LEON
Texas State Bar No. 24073774
Federal ID S.D.T.X No. 2202339
Email: cesar@cesardeleonlaw.com

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 4th day of November 2022, to the following:

| Parties Served | Method of Service |
|---|---|
| Hon. Roberto Lopez, Jr.<br>Assistant United States Attorney<br>Roberto.Lopez2@usdoj.gov,<br><br>United States Attorney's Office for the Southern District of Texas - McAllen<br>1701 W. Highway 83 Suite 600<br>McAllen, TX 78501 | _____ Regular Mail<br>_____ Certified Mail, RRR<br>_____ Hand Delivery<br>_____ Facsimile<br>\_\_\_\_X\_\_\_\_ Electronic Mail |

/s/ Cesar de Leon
CESAR DE LEON